**Date Signed:**
**January 16, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>WILLIAM HOWARD GILLIAM,<br><br>Debtor. | Case No.: 25-00996<br>Chapter 13 |
| WILLIAM HOWARD GILLIAM,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE (RICK) ROBINSON,<br><br>Defendant. | Adv. Pro. No.: 25-90016<br><br>Related: ECF 13 |

## ORDER DENYING MOTION TO RECONSIDER

Debtor William Howard Gilliam filed an adversary proceeding against

George (Rick) Robinson ("Defendant") on November 11, 2025.[1] I dismissed Mr. Gilliam's adversary proceeding pursuant to Local Bankruptcy Rule ("LBR") 7001-2 because the underlying bankruptcy case had been dismissed and the adversary complaint asserted state law causes of action which can be litigated in state court.

Mr. Gilliam has sought reconsideration of my decision to dismiss his adversary but fails to set forth any plausible reason to set aside the dismissal.[2] He moves for reconsideration pursuant to Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) and Fed. R. Bankr. P. 9014. Rule 9014 provides the procedural framework for contested matters and does not offer a substantive basis for reconsideration. Applying the Ninth Circuit standard for reconsideration under Rule 59(e), the moving party must demonstrate (1) newly discovered evidence, (2) that the court committed clear error, or (3) an intervening change in controlling law.[3] He does not offer any newly

---

[1] ECF 1.
[2] ECF 13. Mr. Gilliam describes his motion as "Motion Pursuant to FRCP 59 and BR 9014." The substance of his motion asks the court to reconsider its December 24 decision, so the court will treat it as a motion to reconsider.
[3] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877 (9th Cir. 2000) (listing the three limited grounds upon which a motion for reconsideration may be granted).

2

U.S. Bankruptcy Court - Hawaii   #25-90016   Dkt # 14   Filed  01/20/26   Page 2 of 6

discovered evidence or argue that the law has changed. He has not identified any mistake of fact or law that would rise to the level of clear error.

Mr. Gilliam argues that the order was clearly erroneous because no court other than the bankruptcy court can adjudicate his claims that the Defendant violated the automatic stay, but Mr. Gilliam's stay violation claims are not supported or plausible.

To establish a stay violation, the debtor must show that the automatic stay was in effect and that the defendant took an action prohibited by 11 U.S.C. § 362. The dismissal of the bankruptcy case does not necessarily excuse any violations of the automatic stay that occurred while the case was pending. But the plaintiff must first establish that a stay violation actually occurred.

Mr. Gilliam asserts that the Defendant violated the automatic stay when a writ of possession of real property located at 5050 Lawai Road ("the Property") was served on him on November 4, 2025.[4] He presents as

---

[4] ECF 13 at 37–38 (Exhibit Four).

"Exhibit Three" a doorbell camera log, showing activity on the same date.[5] But the automatic stay did not go into effect until the next day, November 5, 2025, when Mr. Gilliam filed his bankruptcy petition.[6] Because the automatic stay was not yet in effect on November 4, this act could not have violated the stay.

Mr. Gilliam further states that he learned on November 5 that the locks of the Property had been changed. But he offers no evidence that the locks were changed after he filed his petition, and it is almost certain that they were changed on November 4, when the writ of possession was served. Therefore, he offers no evidence that the changing of the locks violated the automatic stay.

Mr. Gilliam also states that, on November 6, he asked the Defendant to return him to possession and the Defendant refused.[7] But a simple refusal to return possession that was lawfully taken before the filing does not violate

---

[5] ECF 13 at 36 (Exhibit Three).
[6] Under section 362(a), the "petition . . . operates as a stay . . . ." This means that the automatic stay does not come into effect until the moment the bankruptcy petition is filed.
[7] ECF 13 at 30 (Exhibit One).

4

the automatic stay.[8]

Additionally, it appears that Mr. Gilliam has no protected interest in the Property. This court decided in Mr. Gilliam's prior chapter 13 case that he did not own the Property, and the Ninth Circuit affirmed that decision.[9] The issuance and service of the writ of possession probably extinguished any remaining possessory interest he had in the Property as a matter of Hawaii law. The automatic stay did not protect his continuing unlawful possession of the Property.[10]

Mr. Gilliam asserts that he was arrested on December 1, 2025, and that his arrest constituted a violation of the automatic stay.[11] But the automatic stay does not apply to criminal proceedings.[12]

Even if there were a stay violation, Mr. Gilliam has not offered any

---

[8] *City of Chicago v. Fulton*, 592 U.S. 154 (2021) (holding that mere retention of estate property after the filing of a bankruptcy petition is not an act to exercise control in violation of the automatic stay).
[9] *Gilliam v. Robinson (In re Gilliam)*, No. CV 20-00194 JMS-WRP, 2020 WL 5848340 (D. Haw. Oct. 1, 2020) *aff'd*, 859 Fed. Appx. 832 (9th Cir. 2021).
[10] *Eden Place v. Perl (In re Perl)*, 811 F.3d 1120, 1130 (9th Cir. 2016) (holding that the debtor had no legal or equitable interest remaining in the property after issuance of the unlawful detainer judgment and writ of possession in state court).
[11] ECF 13 at 32–35.
[12] *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir. 2000) (holding that the automatic stay does not apply against state court criminal proceedings against the debtor, even if the purpose of the criminal proceedings is debt collection).

evidence or sufficient allegation that he suffered compensable damages.

The court finds no clear error in its original determination that dismissal was appropriate. Therefore, Mr. Gilliam's motion for reconsideration is DENIED.

**END OF ORDER**